IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-222-FL-BM

| KEITH L. FERGUSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER and** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| CREDIT ONE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This *pro se* case is before the court on the amended application [D.E. 4] by plaintiff Keith L. Ferguson ("plaintiff" or "Mr. Ferguson") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review of the complaint [D.E. 1] pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned magistrate judge, pursuant to 28 U.S.C. § 636(b)(1). The court finds that plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the amended application to proceed *in forma pauperis* [D.E. 4] will be ALLOWED. However, for the reasons set forth below, the undersigned RECOMMENDS that plaintiff's complaint [D.E. 1] be DISMISSED.

## ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The court has reviewed plaintiff's amended application and finds that he has adequately demonstrated his inability to prepay the required court costs. His amended application to proceed *in forma pauperis* [D.E. 4] is therefore ALLOWED.

# MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

## I. PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff's pleadings are less than a model of clarity. Plaintiff's factual allegations in their entirety are as follows:

> The aformentioned [sic] defendant in direct violation of USC ss 245 absent a SSA-89, utilized My Secured Trust as a Security asset to loan Me "Credit" per access of the Cestui Que Vie Trust (ending in 4069), thus constituting in Commercial Fraud. In Good Faith, I have requested full disclosure concerning personal information gathering and misuse. They have acted in bad faith and have not honored My numerous requests per correspondence for utilizing My hypothecated assets. I have ample proof in regards [sic] to this claim. Therefore I am entitled to redress of grievance in regards [sic] to this matter concerning commercial fraud.

[D.E. 1] at 4.

Plaintiff alleges that the court has federal question jurisdiction and lists the following legal provisions as being at issue in this case: "USC 1692; 1694, USC 15 ss. 1, 42 USC 1983, 18 USC ss. 242, USC ss. 245."[1] *Id.* at 3.

Although the plaintiff does not indicate diversity as the basis of jurisdiction (*see id.* at 3; [D.E. 4-1]), his factual allegations indicate that the defendant, Credit One LLC ("defendant"), is a citizen of a different state than plaintiff. *See* [D.E. 1] at 1-2 (providing a North Carolina address for plaintiff and a Nevada address for defendant). Further, plaintiff alleges that the amount in controversy exceeds $75,000. Specifically, plaintiff seeks relief "[p]er USC 15 ss. 1 . . . in

---

[1] The undersigned has previously considered similar arguments by Mr. Ferguson and found them to be entirely without merit. *See Ferguson v. Westgate CJDR*, No. 5:23-CV-678-FL-BM, 2024 WL 3390441, at *2, 7 (E.D.N.C. June 18, 2024), *report and recommendation adopted as modified*, No. 5:23-CV-678-FL, 2024 WL 3614665 (E.D.N.C. July 31, 2024) (finding Mr. Ferguson's claims under "18 U.S.C. §§ 242 and 245; . . . 15 U.S.C. § 1692 . . . 'USC 1694;' . . . 42 U.S.C. § 1983; . . . and 'commercial FRAUD'" related to an auto loan to be frivolous and failing to state a claim.). United States District Judge Louise W. Flanagan modified this recommendation, as relevant here, by dismissing Mr. Ferguson's commercial fraud claim without prejudice for lack of subject matter jurisdiction and declining to exercise supplemental jurisdiction over it.

2

accordance with the provisions of the Statute and invoke[s] a fee certain of $17,000,000.00 for the violation of Federal law(s) herein stated . . . ." *Id.* at 4.

## II. APPLICABLE LEGAL STANDARDS FOR FRIVOLITY REVIEW

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (providing standard for frivolity review). A case is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In evaluating frivolity specifically, the court holds a *pro se* plaintiff's pleadings to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton*, 504 U.S. at 32. The court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

3

P. 8(a)(1)-(2). The factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)) (alterations in original) (internal quotation marks omitted).

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."); *Hill v. Se. Reg'l Med. Ctr.,* No. 7:19-CV-60-BO, 2019 WL 7041893, at *2 (E.D.N.C. Oct. 21, 2019), *mem. & recomm. adopted*, No. 7:19-CV-60-BO, 2019 WL 7163434 (E.D.N.C. Dec. 20, 2019), *aff'd*, 818 F. App'x 261 (4th Cir. 2020) (discussing the lack of federal question jurisdiction and diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless jurisdiction is affirmatively demonstrated. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### III. ANALYSIS

Having found that plaintiff is financially eligible to proceed *in forma pauperis*, the court must now undertake a frivolity review of this case, pursuant to 28 U.S.C. § 1915(e)(2)(B).

While plaintiff provides incomplete citations to numerous statutes, the undersigned generously construes plaintiff's complaint as alleging violations of 18 U.S.C. §§ 242, 245, 1694; 15 U.S.C. §§ 1; 1692; and 42 U.S.C. § 1983; as well as a state law commercial fraud claim. [D.E. 4-1]; *see* [D.E. 1] at 3 ("Therefore I am entitled to redress of grievance in regards [sic] to this matter concerning commercial fraud."). However, even generously construing plaintiff's complaint [D.E. 1], the brief narrative plaintiff provides in his complaint is largely incoherent and summarily fails to support a claim under any of the laws cited.

Accordingly, for the reasons discussed below, the undersigned RECOMMENDS that the court DISMISS plaintiff's complaint [D.E. 1] as frivolous and for failure to state a claim upon which relief can be granted.

**A.**    **Criminal Statutes**

First, plaintiff alleges that defendant violated 18 U.S.C. §§ 242 and 245. [D.E. 1] at 3-4. 18 U.S.C. §§ 242 and 245 are criminal statutes and do "not provide for any civil cause of action." *Lee v. Lewis*, No. 2:10-CV-55-F, 2010 WL 5125327, at *2 (E.D.N.C. Oct. 28, 2010), *mem. & recomm. adopted*, No. 2:10-CV-55-F, 2010 WL 5125324 (E.D.N.C. Dec. 8, 2010).

Similarly, while the court struggles to discern what law Mr. Ferguson contemplated by his reference to "USC . . . 1694," ([D.E. 1] at 3), to the extent that Mr. Ferguson sought to reference 18 U.S.C. § 1694,[2] this statute references criminal penalties for illegal mail conveyance and does

---

[2] The undersigned notes that no 15 U.S.C. § 1694 exists as a part of the Fair Debt Collection Practices Act or otherwise.

not provide for a civil cause of action. *See Eiland v. United States Postal Service*, No. 4:22-cv-00538-PLC, 2022 WL 2817561 at *3-4 (E.D. Mo. 2022) (finding numerous criminal statutes, including 18 U.S.C. § 1694, do not "by their terms or structure, provide for a private right of action.").

Because the criminal statutes Mr. Ferguson references do not create private rights of action, the undersigned RECOMMENDS that any claims associated with these statutes be DISMISSED as frivolous.

**B.     Fair Debt Collection Practices Act**

Plaintiff also appears to invoke 15 U.S.C. § 1692 as a cause of action. [D.E. 1] at 3. 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"), was enacted in part "to eliminate abusive debt collection practices by debt collectors" and regulate debt collection practices. 15 U.S.C. § 1692(e). To successfully bring an FDCPA claim, "a plaintiff must show that '(1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA.'" *Guthrie v. PHH Mortg. Corp.*, No. 7:20-CV-43-BO, 2022 WL 706923, at *12 (E.D.N.C. Mar. 4, 2022) (quoting *Johnson v. BAC Home Loans Servicing*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011)), *aff'd in part, vacated in part on other grounds, remanded*, 79 F.4th 328 (4th Cir. 2023), *cert. denied*, No. 23-785, 2024 WL 1839108 (U.S. Apr. 29, 2024).

Plaintiff's cryptic allegations, even generously construed, do not allege any facts or circumstances showing that he was the object of collection activity arising from a consumer debt as defined by the FDCPA. *See Holder v. U.S. Marshals Office*, No. 5:16-CV-00145-FL, 2016 WL 3919502, at *1 (E.D.N.C. May 17, 2016) ("[T]he principles requiring generous construction of *pro*

*se* complaints are not without limits."), *mem. & recomm. adopted*, 2016 WL 3920213 (July 15, 2016). Further, he does not allege that defendant engaged in an act or omission prohibited by the FDCPA. *See Iqbal*, 556 U.S. at 678 (citation omitted) (internal quotation marks omitted) ("[N]aked assertion[s] devoid of further factual enhancement" are insufficient to state a claim). Accordingly, the undersigned finds that plaintiff has failed to state a claim under 15 U.S.C. § 1692 and RECOMMENDS that any such claims be DISMISSED.

C. **Sherman Antitrust Act**

Plaintiff appears to allege a violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. [D.E. 1] at 3; [D.E. 4-1]. "To establish a § 1 antitrust violation, a plaintiff must prove (1) a contract, combination, or conspiracy; (2) that imposed an unreasonable restraint of trade." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 423-24 (4th Cir. 2015) (quoting *N.C. State Bd. of Dental Exam'rs v. FTC*, 717 F.3d 359, 371 (4th Cir.2013)). Here, plaintiff does not allege any facts pointing to the existence of a contract, combination, or conspiracy. *See generally* [D.E. 1]. Similarly, his allegations fail to show that defendant's actions imposed an unreasonable restraint of trade. *See id.* Accordingly, the undersigned finds that plaintiff has failed to state a claim under 15 U.S.C. § 1 and RECOMMENDS that any such claims be DISMISSED.

D. **42 U.S.C. § 1983**

42 U.S.C. § 1983 provides a cause of action for alleged constitutional violations. *See* 42 U.S.C § 1983 (providing cause of action for those deprived of constitutional rights). However, plaintiff fails to state a § 1983 claim. To establish a claim under § 1983, a plaintiff must prove: "(1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law." *Hill v. Revells*, No. 4:20-CV-233-FL, 2021 WL 312621, at *2 (E.D.N.C. Jan. 6, 2021) (internal quotation

7

marks omitted) (internal citations omitted) (quoting *Williams v. Studivent*, No. 1:09CV414, 2012 WL 1230833, at *4 (M.D.N.C. Apr. 12, 2012)), *mem. & recomm. adopted*, No. 4:20-CV-233-FL, 2021 WL 308592 (E.D.N.C. Jan. 29, 2021), *aff'd*, No. 21-2110, 2021 WL 5985559 (4th Cir. Dec. 17, 2021). Plaintiff does not allege that defendant is a state actor or was acting under the color of state law. As there is no indication in the filings that defendant is anything but a non-state party engaged in private action, any § 1983 claim against defendant fails. *See* [D.E. 1] at 2 (describing defendant as a "Credit Card Company"). Accordingly, the undersigned RECOMMENDS that any § 1983 claims be DISMISSED.

E.      **Commercial Fraud**

Finally, the only potential claim that remains is a state law claim for "commercial fraud."[3] *See* [D.E. 1] at 4 (claiming that defendant "absent a SSA-89 utilized My Secured Trust as a Security asset to loan Me 'Credit' per access of the Cestui Que Vie Trust (ending in 4069), thus constituting in Commercial Fraud").[4] Form SSA-89 is federal government form that provides authorization for the Social Security Administration (SSA) to release Social Security Number (SSN) verification.

In North Carolina a fraud claim has the following elements "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to

---

[3] As plaintiff resides in North Carolina and has not alleged any events occurring outside of North Carolina, the undersigned finds the application of North Carolina choice of law and substantive law to be appropriate in this matter. "Where neither party argues that the forum state's choice of law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law." *Wiener v. AXA Equitable Life Ins. Co.*, 58 F.4th 774, 782 (4th Cir. 2023) (quoting *Echo, Inc. v. Whitson Co.*, 52 F.3d 702, 707 (7th Cir. 1995)). The undersigned further notes that Nevada's pleading requirements for fraud claims are functionally the same. *See* Nev. R. Civ. P. 9(b).

[4] The undersigned has recently considered similar allegations and found that they failed to state a claim upon which relief can be granted. *See Hagins v. Carrington Mortg. LLC*, No. 5:24-CV-217-M-BM, 2024 WL 3390440, at *3 (E.D.N.C. May 21, 2024), *report and recommendation adopted*, No. 5:24-CV-00217-M-BM, 2024 WL 3432522 (E.D.N.C. July 16, 2024) (dismissing a claim alleging that defendant improperly utilized plaintiff's "Cestui que vie Trust association . . . illegally absent a SSA-89; which is indeed COMMERCIAL FRAUD.").

8

deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Forbis v. Neal*, 649 S.E.2d 382, 387 (N.C. 2007) (quoting *Ragsdale v. Kennedy*, 209 S.E.3d 494, 500 (N.C. 1974)).

In diversity cases, federal courts must apply federal procedural law and state substantive law. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 (4th Cir. 2013). Accordingly, "[p]laintiffs in diversity cases asserting a claim of fraud must meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure." *Lee v. Certainteed Corp.*, No. 5:13-CV-826-FL, 2014 WL 1411060, at *3 (E.D.N.C. Apr. 11, 2014) (first citing Fed. R. Civ. Proc. 9(b); and then citing *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007)).

The Federal Rules create a heightened pleading standard for fraud claims in that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. Proc. 9(b). Specifically, while a party may generally allege "malice, intent, knowledge, and other conditions of a person's mind," Fed. R. Civ. Proc. 9(b), allegations must state with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)).

Here, plaintiff fails to allege the time, place, and content of the fraudulent representation, and it is unclear what defendant allegedly obtained as a result of any such representation. Therefore, plaintiff has failed to meet the particularity requirement of a fraud claim under federal law. A failure to comply with Rule 9(b)'s pleading requirements represents a failure to state a claim under Rule 12(b)(6). *Id.* at 783. Accordingly, the undersigned RECOMMENDS that any such claims be DISMISSED.

In sum, plaintiff's allegations do not allege any actual misconduct by defendant and represent the types of "labels and conclusions," and "naked assertion[s]" devoid of "further factual enhancement," which are insufficient to state a claim. *See Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 555-57 (internal quotation marks omitted)).

## IV. CONCLUSION

For the reasons set forth above, it is RECOMMENDED that plaintiff's complaint [D.E. 1] be DISMISSED as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, his counsel. Plaintiff shall have until **October 30, 2024**, to file written objections to this Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals**

**from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 15th day of October, 2024.

_____
Brian S. Meyers
United States Magistrate Judge